**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-01650-REB-MJW

AARON JORDAN,

      Plaintiff,

v.

D. COOLEY #302595,
CITY OF AURORA (official capacity suit),
J. VAN KAMP #25337,
CARRIAGE PARK CONDO ASSOCIATION, and
PRESIDENT DENNIS HOUCK,

      Defendants.

---

**ORDER GRANTING MOTIONS TO DISMISS**

---

**Blackburn, J.**

      This matter is before me on the following: (1) **Defendants Carriage Park Homeowners Association's and Dennis Houck, President of Carriage Park HOA's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1), 12(b)(5) and 12(b)(6)** [#12][1] filed July 18, 2013; and (2) **Aurora Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. Rule 12 (b) (4) and (5) for Insufficiency of Process and of Service of Process** [#14] filed August 5, 2013.  The plaintiff filed responses [#29] and [#30] to both motions.  I grant the motions and dismiss this case.

      Shortly after they were filed, these motions were referred [#13 & #15] to the United States Magistrate Judge assigned to this case.  After consultation with the

---

[1]   "[#12]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

magistrate judge, I withdraw the reference and issue this order.

## I. JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

## II. STANDARD OF REVIEW

Four of the defendants contend they have not been served properly with a summons and the complaint and they seek dismissal of this case on that basis. "Effectuation of service is a precondition to suit." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir.1998). The plaintiff has the burden of establishing the validity of service. *See Fed-Deposit Ins. Corp. v. Oaklawn Apts*., 959 F.2d 170, 174 (10th Cir.1992). When the plaintiff does not meet this burden, a court may dismiss for failure to properly serve. *See Lasky v. Lansford*, 76 Fed Appx. 240, 240-41 (10th Cir.2003).

The Carriage Park Homeowners Association and Dennis Houck also seek dismissal for failure to state a claim unde FED. R. CIV. P. 12(b)(6). In considering a motion under Fed. R. Civ. P. 12(b)(6), I must determine whether the allegations in the complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a). I must accept all well-pleaded allegations of the complaint as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993); *see also Burnett v. Mortgage Elec. Registration Sys., Inc*., ___ F.3d ___, ____, 2013 WL 386283, *2 - *3 (10th Cir. 2013); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), *cert. denied*, 538 U.S. 999 (2003). I

review the challenged portion of a complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'"  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10ᵗʰ Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Burnett.*, ___ F.3d ____, 2013 WL 386283, *2 - *3.  "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  *Id.* (emphases in original).[2]  Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."  *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10ᵗʰ Cir. 2009) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).  I must assume the truth of all well-pleaded facts in the complaint, and I must draw all reasonable inferences therefrom

---

[2] *Twombly* rejected and supplanted the "no set of facts" language of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The Tenth Circuit clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10ᵗʰ Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1974; internal citations and footnote omitted).

in the light most favorable to the plaintiffs. ***Dias v. City & County of Denver***, 567 F.3d

1169, 1178 (10th Cir. 2009)

### III.  ANALYSIS

### A.  Service of Process

Defendants Dennis Houck, D. Cooley, J. Van Kamp, and the City of Aurora state

in their motion that the plaintiff never has served them with a summons and the

complaint.  Although the plaintiff has filed several affidavits or proofs of service [#6, #22,

#26, #28, #33], nothing in the record demonstrates that these defendants personally

have been served with a summons and the complaint in compliance with FED. R. CIV. P.

4(e).  Absent personal service, the court does not have jurisdiction over these parties.

Under FED. R. CIV. P. 12(b)(5), lack of personal service is a basis for dismissal of the

complaint.

Often, courts will allow a plaintiff to cure defects in service before dismissing a

case on that basis.  In this case, the plaintiff, Aaron Jordan, has been aware for several

months that the defendants listed above have not been served properly.  The motions to

dismiss were filed in mid-July and early August 2013, about seven months ago.

Nothing in the record indicates that Mr. Jordan has made or will make any effort to

arrange for personal service on these defendants.  Under Rule 4(m), a summons and

the complaint must be served properly within 120 days of the filing of the complaint.

Rule 4(m) requires the court to dismiss a complaint if timely service has not been

demonstrated unless the plaintiff shows good cause for the failure to arrange for timely

service.  No good cause has been shown in this case and the complaint shall be

dismissed as to defendants, Dennis Houck, D. Cooley, J. Van Kamp, and the City of

Aurora.

## B.  Failure To State A Claim

It is difficult to understand fully the claims asserted by Mr. Jordan in his complaint [#1].  It is clear, however, that his claims are based on a confrontation between Mr. Jordan and certain Aurora police officers while Mr. Jordan was in his garage.  Mr. Jordan apparently was arrested and jailed for some time following this confrontation. Under 28 U.S.C. § 1983, he asserts claims under the First, Fourth, Fifth, and Fourteenth Amendments.

The defendant named as the Carriage Park Condo Association is properly known as the Carriage Park Homeowners Association (HOA).  The HOA and its president, defendant Dennis Houck, argue in their motion to dismiss that they are not a proper defendants in Mr. Jordan's § 1983 action because Mr. Jordan has not alleged facts which, if true, would show that the HOA or Mr. Houck are persons acting under color of state law.

In order to state a claim under section 1983, a plaintiff must aver facts showing that the defendant deprived the plaintiff of a right secured by the Constitution or other federal law and that the defendant was acting under color of state law when the defendant caused the deprivation of the plaintiff's right.  ***American Mfrs. Mut. Ins. Co. v. Sullivan***, 526 U.S. 40, 50 (1999).  Private conduct, no matter how wrongful or discriminatory, is not within the purview of section 1983.  ***Id***.

"The traditional definition of acting under color of state law requires that the defendant in a section 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' "  ***West v. Atkins***, 487 U.S. 42, 49 (1988) (***quoting United States v. Classic***, 313 U.S. 299, 326 (1941)).  For an action to be under color of state law, there must be a real

nexus between the defendant's use or misuse of his or her authority as a public

employee and the violation allegedly committed by the defendant. *Jojola v. Chavez*,

55 F.3d 488, 493 (10th Cir. 1995). "It is the plaintiff's burden to plead, and ultimately

establish, the existence of a real nexus between the defendant's and the defendant's

badge of state authority to demonstrate that action was taken under color of state law."

*E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1305 (10th Cir. 2001)

(quotation and citation omitted).

The facts alleged in Mr. Jordan's complaint, even if true, do not show that the

HOA or Mr. Houck were acting under color of state law or that there was a real nexus

between the alleged conduct of the HOA or Mr. Houck and the conduct of the Aurora

Police. On this basis, I conclude that the allegations in the complaint are not sufficient

to state a claim on which relief can be granted against the HOA or Mr. Houck.

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That, after consultation with the magistrate judge, the references [#13 & #15]

of the two motions to dismiss [#12 & #14] are **WITHDRAWN**;

2. That under FED. R. CIV. P. 12(b)(1), (5), and (6),  **Defendants Carriage Park**

**Homeowners Association's and Dennis Houck, President of Carriage Park HOA's**

**Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1), 12(b)(5) and 12(b)(6)** [#12] filed

July 18, 2013, is **GRANTED**;

3. That under FED. R. CIV. P. 12(b)(1), (4), and (5), the  **Aurora Defendants'**

**Motion to Dismiss Pursuant to Fed.R.Civ.P. Rule 12 (b) (4) and (5) for**

**Insufficiency of Process and of Service of Process** [#14] filed August 5, 2013, is

**GRANTED**;

4. That all claims asserted in the complaint [#1] are **DISMISSED** without prejudice;

5. That given these rulings, the reference [#49] of the **Motion for Jury Trial Demand** [#48] to the magistrate judge is **WITHDRAWN**;

6. That the **Motion for Jury Trial Demand** [#48] filed January 14, 2014; the **Motion for Jury Trial Demand** [#52] filed February 20, 2014; and the **Motion To Suspend Litigation Due To Inability To Proceed Correctly** [#53] filed February 25, 2014, are **DENIED** as moot;

7. That **JUDGMENT SHALL ENTER** for the defendants, D. Cooley #302595, City of Aurora (official capacity suit), J. Van Kamp #25337, Carriage Park Condo Association, and President Dennis Houck, against the plaintiff, Aaron Jordan;

8. That the defendants are **AWARDED** their costs to be taxed by the clerk of the court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

9. That this case is **CLOSED**.

Dated March 10, 2014, at Denver, Colorado.

> **BY THE COURT:**
>
> _Bob Blackburn_
> Robert E. Blackburn
> United States District Judge